IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IRIS KITCHEN,<br><br>            Plaintiff,<br><br>    vs.<br><br>ALDI GROCERY STORE,<br><br>            Defendant. | **8:25CV474**<br><br>**MEMORANDUM AND ORDER** |

Iris Kitchen alleges racial discrimination against Defendant, Aldi Grocery Store. Because her complaint fails to state a claim upon which relief can be granted, the Court grants Aldi's motion to dismiss. Filing No. 5.

## I.    BACKGROUND

Plaintiff, Iris Kitchen, filed suit in the District Court of Douglas County, Nebraska, against Defendant, Aldi Grocery Store, alleging "wrongful accusation of theft." Filing No. 1-1 at 2. She alleges that on September 14, 2023, she was "unjustly accused of stealing by one of [Aldi's] employees solely based on [the] color of my skin." *Id.* She states she was "simply shopping for groceries like any other customer when I was approached by a staff member who accused me of stealing items from the store." *Id.* After Kitchen showed the staff member her I.D., "she was very apologetic." *Id.* Kitchen seeks damages in the amount of $125,000 for the wrongful accusation, humiliation, and embarrassment. *Id.*

Defendant, Aldi Grocery Store, removed the case to this Court on the basis of diversity jurisdiction. Filing No. 1 at 1. It has now moved to dismiss Kitchen's complaint, arguing it fails to state a claim upon which relief can be granted. Filing No. 5.

1

## II.   STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp., 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *See id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

### III.    ANALYSIS

Kitchen alleges Aldi's wrongful accusation of theft was based on her race.  The Court liberally construes Kitchen's complaint to allege a racial discrimination claim under either Title II of the Civil Rights Act of 1964 or Nebraska state law.[1]  However construed, Kitchen's complaint fails to state a claim upon which relief can be granted.

### A. Kitchen Fails to State a Claim Under Federal Law

Title II prohibits "discrimination or segregation on the ground of race, color, religion, or national origin" in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation."  42 U.S.C. § 2000a.  A "place of public accommodation" is defined to include houses of lodging, restaurants, and theaters.  42 U.S.C. § 2000a(b).

The United States Court of Appeals for the Eighth Circuit has held that a district court lacks jurisdiction over § 2000a claims when the plaintiff "did not establish that they filed a charge with the appropriate state agency before filing their federal action" if such a state agency exists.  *Zean v. Choice Hotels Int'l, Inc.*, 801 F. App'x 458, 459 (8th Cir. 2020) (per curiam); *see also* 42 U.S.C. § 2000a-3(c) (requiring notice to state authority as prerequisite to filing civil action when state law prohibits public accommodations discrimination).    Nebraska prohibits public-accommodation discrimination and has established the Nebraska Equal Opportunity Commission ("NEOC") to address violations of the same.  *See* Neb. Rev. Stat. § 20-132 ("All persons within this state shall be entitled to a full and equal enjoyment of any place of public accommodation . . . without

---

[1] Although Aldi removed the case solely on the basis of diversity of citizenship, *see* Filing No. 1 at 1–7, Kitchen's complaint does not specify a legal basis.  The Court therefore examines both the state and federal laws that could potentially support her claim.

discrimination or segregation on the grounds of race, color, sex, religion, national origin, disability, ancestry, or military or veteran status."); Neb. Rev. Stat. § 20-139(6) (vesting authority in the Equal Opportunity Commission to "[d]etermine that probable cause exists for crediting the allegations of a complaint" alleging public-accommodations discrimination).  Accordingly, Kitchen was required to file a complaint with the NEOC prior to filing a lawsuit for race discrimination under Title II.

Kitchen has made no allegation that she has exhausted her state administrative remedies prior to filing the present lawsuit, and the Court accordingly lacks subject-matter jurisdiction over her claim.  *See* 42 U.S.C. § 2000a-3 ("[N]o civil action may be brought . . . before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority . . ..").

Even if the Court had jurisdiction, however, Kitchen has alleged insufficient facts to state a claim for relief under 42 U.S.C. § 2000(a).  Kitchen has not alleged any facts regarding the nature of Aldi's business aside from referring to it as a "grocery store." There are not sufficient facts alleged to allow the Court to find Aldi qualifies as a place of public accommodation within the meaning of Title II.  *See* 42 U.S.C. § 2000a(b) (defining public accommodation).

Assuming Aldi is a place of public accommodation, Kitchen has not alleged adequate facts to make out a prima facie case for race discrimination. Courts within this Circuit considering a claim under 42 U.S.C. § 2000(a) have held that in order to establish a prima facie case for discrimination, a plaintiff must show that she (1) is a member of a protected group; (2) was similarly situated by circumstance to other individuals outside that group; and (3) was treated more harshly or disparately than similarly situated non-

4

group members." *Abdull v. Lovaas Inst. for Early Intervention Midwest*, No. CIV. 13-2152 ADM/JJK, 2014 WL 6775275, at *6 (D. Minn. Dec. 2, 2014), *aff'd*, 819 F.3d 430 (8th Cir. 2016); *Johnson v. Jane Doe*, No. 4:25-CV-04112-RAL, 2025 WL 2555835, at *3 (D.S.D. Sept. 5, 2025).

Here, Kitchen has failed to plead facts to support either the second or third elements. She makes no assertions to support her claim of race-based discrimination such as showing how other non-Black individuals were treated. Without any facts to support her bare claim of race discrimination, the Court cannot say she has stated a claim upon which relief can be granted under federal law.

## B. Kitchen Fails to State a Claim Under Nebraska Law

Alternatively, Kitchen's complaint could be liberally read as stating a claim for relief under Nebraska state law. As set forth above, Nebraska prohibits "discrimination or segregation on the grounds of race, color, sex, religion, national origin, disability, ancestry, or military or veteran status" in the "full and equal enjoyment of any place of public accommodation." Neb. Rev. Stat. § 20-132. Nebraska law defines "public accommodation" more broadly than the federal statute as including "all places or businesses offering or holding out to the general public goods, services, privileges, facilities, advantages, and accommodations for the peace, comfort, health, welfare, and safety of the general public" and thus could potentially apply to Aldi.

However, Kitchen's state claim fails on the issue of administrative exhaustion just like her federal civil rights claim. As stated above, Nebraska has vested authority in the NEOC to hear all complaints of racial public-accommodation discrimination. *See* Neb. Rev. Stat. § 20-139. A party may appeal the decision of the NEOC only in accordance

with the Administrative Procedure Act, which requires a final agency decision.  *See* Neb. Rev. Stat. § 84-917.  Kitchen has failed to allege that she complied with the Nebraska Administrative Procedure Act by filing a complaint with the NEOC.  This Court therefore lacks jurisdiction over her state law claim.

Even if the Court were to find it had jurisdiction over her state discrimination claim, it would still fail to state a claim for the same reasons her federal claim failed: She has failed to set forth facts which would support that Aldi's action was in any way tied to or motivated by her race, such as showing non-racial minorities were treated differently.

For these reasons, Aldi's motion to dismiss must be granted.

IT IS ORDERED:

1)  Defendant's motion to dismiss, Filing No. 5, is granted.  Plaintiff's complaint is dismissed without prejudice.

2)  The Court will enter a separate judgment.

Dated this 2nd day of February, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge